IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PHOENIX III ASSOCIATION, INC., | : | |
| Plaintiff, | : : | |
| vs. | : : | CIVIL ACTION NO. 1:21-cv-514-TFM-M |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, *et al.*, | : : : | |
| Defendants. | : : | |

## ORDER

Pending before the Court is the *Motion to Intervene as a Matter of Right*. Doc. 21, filed February 15, 2022. Intervenor, Hair Shunnarah Trial Attorneys, LLC, ("Hair Shunnarah") requests the Court allow it to intervene as a matter of right in this matter. *Id.* In support of the motion, Hair Shunnarah states Plaintiff Phoenix III Association, Inc., ("Phoenix III") entered into a contingency fee agreement with Hair Shunnarah that would entitle Hair Shunnarah to "33 1/3% recovery," Hair Shunnarah incurred filing fees and began work to resolve this matter for Phoenix III, Hair Shunnarah and Phoenix III subsequently agreed Hair Shunnarah would be entitled to ten percent of any money that was recovered from this dispute, and Phoenix III sought to end its contractual agreement with Hair Shunnarah when payment of the disputed funds was imminent and to avoid payment of the fee to Hair Shunnarah. *Id.*

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protects its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a)(2).

Here, Hair Shunnarah claims an interest in Phoenix III's settlement of its claims against the defendants.

Pursuant to Ala. Code § 34-3-61:

> (a) Attorneys-at-law shall have a lien on all papers and money of their clients in their possession for services rendered to them, in reference thereto, and may retain such papers until said claims are satisfied, and may apply such money to the satisfaction of said claims.
>
> (b) Upon actions and judgments for money, they shall have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy said action or judgment, until the lien or claim of the attorney for his fees is fully satisfied; and attorneys-at-law shall have the same right and power over action or judgment to enforce their liens as their clients had or may have for the amount due thereon to them.
>
> (c) Upon all actions for the recovery of real or personal property, and upon all judgments for the recovery of the same, attorneys-at-law shall have a lien on the property recovered, for their fees, superior to all liens but liens for taxes, which may be enforced by said attorneys-at-law, or their lawful representatives, as liens on personal and real estate, and the property recovered shall remain subject to said liens, unless transferred to bona fide purchasers without notice.

ALA. CODE § 34-3-61(a)-(c).

The purpose of § 34-3-61 is "to protect the attorney from loss of his investment in time, effort, and learning, and the loss of funds used in serving the interest of the client." *Triplett v. Elliott*, 590 So. 2d 908, 910 (Ala. 1991). "Under § 34-3-61 and its predecessors, attorneys may intervene in an action to protect their fees in certain circumstances." *Morris House Condo. Ass'n v. Hirschfield*, 275 So. 3d 534, 538 (Ala. Civ. App. 2018) (citing *Harlow v. Sloss Indus. Corp.*, 813 So. 2d 879, 886-90 (Ala. Civ. App. 2001)).

Accordingly, the Motion to Intervene as a Matter of Right (Doc. 21) is **GRANTED**. This order is not to be construed on the merits of the claim but only the right to intervene to litigate the issue.

**DONE** and **ORDERED** this the 16th day of February 2022.

                                               s/Terry F. Moorer
                                              TERRY F. MOORER
                                              UNITED STATES DISTRICT JUDGE