IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PHOENIX III ASSOCIATION, INC., | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION NO. 1:21-cv-514-TFM-M |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *Defendants' Motion to Compel Arbitration and to Dismiss or Stay Litigation With Incorporated Memorandum of Law.* Doc. 12, filed January 14, 2022. Defendants Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Safety Specialty Insurance Company, HDI Global Specialty SE, and Old Republic Union Insurance Company request the Court compel Plaintiff Phoenix III Association, Inc., to arbitrate this matter and dismiss, or in the alternative stay, this matter pending arbitration. *Id.* Having considered the motion, the evidence in support of the motion, and the relevant law, the Court finds the motion to compel arbitration is due to be **GRANTED**, the alternative request to stay this matter is **GRANTED,** and the request to dismiss this matter is **DENIED**.

### I.   JURISDICTION

The Court has subject matter jurisdiction over the claims in this action pursuant to 9 U.S.C. § 203 (actions falling under the Convention on the Recognition and Enforcement of Foreign

Arbitral Awards of June 10, 1958).

The district court has personal jurisdiction over the claims in this action because Plaintiff Phoenix III Association, Inc. ("Phoenix III"), is alleged to be an Alabama corporation with its principal place of business in Baldwin County, Alabama; the subject property that is located at 24230 Perdido Beach Boulevard, Orange Beach, Alabama 35661, is located in Baldwin County; and Defendants Certain Underwriters at Lloyd's, London ("Underwriters"), Indian Harbor Insurance Company, QBE Specialty Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Safety Specialty Insurance Company, HDI Global Specialty SE ("HDI"), and Old Republic Union Insurance Company (collectively, "Defendants") issued Phoenix III insurance policies for the subject property.  Doc. 1-2 at 3; *see also Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291-92 (11th Cir. 2000) ("Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint. . . . General personal jurisdiction, on the other hand, arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated.  The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state.").

Venue is proper in this Court because Phoenix III alleges a substantial part of the events or omissions that form the basis of its claims occurred in Baldwin County, which is within this Court's jurisdiction, and venue is not contested.  Doc. 1-2 at 2-3; *see also* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .").

## II.     PROCEDURAL AND FACTUAL BACKGROUND

**A.     Procedural Background**

Phoenix III originally filed its complaint in the Circuit Court of Baldwin County, Alabama on September 14, 2021, in which it brings state-law claims for breach of contract and bad faith against Defendants.  Doc. 1-2 at 1-8.  Defendants removed this matter to this Court on November 30, 2021, based on federal question jurisdiction, pursuant to 28 U.S.C. §§ 1441 and 1446, because this matter involves an agreement to arbitrate, which vests this Court with jurisdiction pursuant to 9 U.S.C. § 203.  Defendant filed their Answer on November 30, 2021.  Doc. 2.

On January 14, 2020, Defendants filed their instant motion to compel arbitration, and Phoenix III timely filed its response to the motion in which it states it does not oppose the motion. Docs. 12, 16.

**B.     Factual Background**[1]

Phoenix III alleges Defendants issued it insurance policies for property that is located at 24230 Perdido Beach Boulevard, Orange Beach, Alabama 35661 ("the Property").  The policies obligated Defendants to pay for damages that might be incurred by Phoenix III as a result of certain perils, including storm and hail damage.

On or about September 15, 2020, Phoenix III alleges it suffered storm damage during Hurricane Sally, and on or about April 9, 2021, Phoenix III alleges it suffered hail damage. Phoenix III alleges Defendants refused to pay the full value of the storm and hail damage that Phoenix III incurred.

## III.     STANDARD OF REVIEW

Federal policy favors arbitral dispute resolution.  *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631, 105 S. Ct. 3346, 87 L. Ed. 2d 444

---

[1] The Court's Factual Background is based on Phoenix III's complaint.

> (1985). Congress enacted the [Federal Arbitration Act ("FAA")] to counter widespread hostility to arbitration and encourage the recognition and enforcement of arbitration awards. *Escobar v. Celebration Cruise Operator, Inc.*, 805 F.3d 1279, 1284 (11th Cir. 2015) (citing *Am. Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 133 S. Ct. 2304, 2308-09, 186 L. Ed. 2d 417 (2013)). In 1970, Congress amended the FAA to incorporate the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards [(the "Convention")], *opened for signature* June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38. *See* 9 U.S.C. §§ 201 *et seq*. These amendments provide for the recognition of foreign arbitration agreements and arbitral awards. 9 U.S.C. §§ 201 *et seq*.
>
> In amending the FAA, Congress further sought to promote the development of a uniform body of federal law under the Convention. *Beiser v. Weyler*, 284 F.3d 665, 672 (5th Cir. 2002). Section 203 provides that district courts have original jurisdiction over an action falling under the Convention. Congress also included broad grounds for removal "[w]here the subject matter of an action or proceeding pending in a State court related to an arbitration agreement or award falling under the Convention." 9 U.S.C. § 205.

*Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316, 1322-23 (11th Cir. 2018).

> In the absence of an affirmative defense, a district court must compel arbitration under the Convention if four jurisdictional requirements are met. First, "there is an agreement in writing within the meaning of the Convention." *Id.* at 1294 n.7. Second, "the agreement provides for arbitration in the territory of a signatory of the Convention." *Id.* Third, "the agreement arises out of a legal relationship . . . which is considered commercial." *Id.* And fourth, "a party to the agreement is not an American," *id.*, or the "relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states," 9 U.S.C. § 202.

*Alberts v. Royal Caribbean Cruises, Ltd.*, 834 F.3d 1202, 1204 (11th Cir. 2016).

## IV. DISCUSSION AND ANALYSIS

Defendants argue the four jurisdictional requirements to compel arbitration under the Convention have been met in this case.

As to the existence of an agreement in writing within the meaning of the Convention, Defendants submitted a copy of the policies, which under "Section VII – Conditions" contains an arbitration clause subsection that reads:

C. ARBITRATION CLAUSE: All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent. Within thirty days of receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.

Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred. If the Arbitrators cannot agree to an Umpire, either may request the selection be made by a judge of a New York court.

Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.

The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.

Each party will pay its chosen Arbitrator, and also bear the other expenses of the Arbitration and Umpire equally.

The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential, or other damages of a similar nature.

A decision agreed to by any two members of the Arbitration Tribunal shall be binding. The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

Doc. 12-1 at 36-37; New York Convention, Article II, ¶ 2 ("The term 'agreement in writing' shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams."). The Court finds the first jurisdictional requirement is satisfied.

As to whether the arbitration agreement provides for arbitration in the territory of a signatory of the Convention, Defendants argue the arbitration clause requires arbitration to occur in New York, which is in the territory of the United States, a Convention signatory. Doc. 12 at 9. Indeed, the arbitration agreement provides, "[t]he seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance." Doc. 12-1 at 37; *see also* 9 U.S.C. § 201 ("The [Convention] shall be enforced in United States courts in accordance with this chapter."). The Court finds the second jurisdictional requirement is satisfied.

As to whether the dispute arises out of a relationship that is considered commercial, Defendants argue the relationship arises out of an insurance agreement, which is commercial in nature. Doc. 12 at 9-10. The Court finds the insurance agreement evidences a commercial relationship between the parties and the third jurisdictional requirement is satisfied. *See, e.g., VVG Real Estate Invs. v. Underwriters at Lloyd's, London*, 317 F. Supp. 3d 1199, 1205 (S.D. Fla. 2018) (finding an insurance policy for property commercial in nature for purposes of the Convention).

Finally, as to whether a party to the insurance agreement is not an American, involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states, Defendants argue at least one member/name on a portion of the risk assumed by Underwriters is a corporation that is organized under the laws of, and has its principal place of business, in the United Kingdom of Great Britain and Ireland and

HDI is a corporation that is organized under the laws of Germany. Doc. 12 at 10. The Court finds the fourth jurisdictional requirement is satisfied.

Accordingly, the Court finds it must compel arbitration pursuant to the Convention.

**B.    Dismissal Versus Stay**

As to whether the Court should dismiss or stay this matter pending the arbitration of Phoenix III's instant claims, the Convention does not specify a course of action but the FAA, which applies to cases that are brought under the Convention to the extent it does not conflict, provides the federal courts "shall on application of one of the parties stay" a proceeding where any issue in that proceeding is referable to arbitration. 9 U.S.C. §§ 3, 208; *see also Caley,* 428 F.3d at 1369 (emphasis in original) ("[T]he FAA's enforcement sections require a court to stay a proceeding where the issue in the proceeding 'is referable to arbitration under an *agreement in writing* for such arbitration . . . .'"); *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) ("The district court properly found that the state law claims were subject to arbitration, but erred in dismissing the claims rather than staying them. Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration.").

Therefore, the Court will deny Defendants' request to dismiss this matter but grant its alternative request to stay this matter pending arbitration.

## V.    CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

(1)    Defendants' Motion to Compel Arbitration and to Dismiss or Stay Litigation With Incorporated Memorandum of Law (Doc. 12) is **GRANTED in part and DENIED in part**. The motion is granted as to Defendants' request to compel arbitration and stay this matter, but denied as to their request to dismiss this matter;

(2) This matter is **STAYED** pending the outcome of arbitration, and the Clerk of Court is **DIRECTED** to place this matter on the administratively closed docket; and

(3) The parties are **ORDERED** to file with the Court a joint notice within seven (7) days of the completion of arbitration.

**DONE** and **ORDERED** this the 26th day of April 2022.

                                     s/Terry F. Moorer
                                     TERRY F. MOORER
                                     UNITED STATES DISTRICT JUDGE